UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CASSANDRA WOLSIC,<br><br>　　　Plaintiff,<br><br>　v.<br><br>BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS,<br><br>　　　Defendant. | Case No.<br><br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, CASSANDRA WOLSIC ("Plaintiff"), by and through her attorneys, and for her Complaint against the Defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEQITT, DOUGLAS, EDGAR, FORD, IROQUIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILLION AND STATE OF ILLINOIS ("Defendant"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.　　This is an action for damages and equitable and injunctive relief for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*

2.　　This court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

4. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

    a. On or about July 22, 2015, Plaintiff filed a Charge of Discrimination, number 440-2015-05383, with the Equal Employment Opportunity Commission ("EEOC"), which was subsequently amended.

    b. On April 16, 2018, the EEOC issued a Letter of Determination which stated that evidence obtained in the EEOC's investigation established reasonable cause to believe that Defendant retaliated against Plaintiff for engaging in protected activity in violation of Title VII.

    c. On information and belief, after determining that efforts of conciliation were nonproductive, the EEOC forwarded Plaintiff's Charge of Discrimination and Retaliation to the U.S. Department of Justice ("DOJ").

    d. On September 17, 2019, the Department of Justice issued a Notice of Right to Sue to Plaintiff for said Charge, which Plaintiff received on October 14, 2019.

## PARTIES

5. Plaintiff is an individual who at all relevant times resided in Urbana, Illinois, but who now resides in Frankfort, Illinois.

6. On information and belief, Defendant is a board of education organized under the laws of the State of Illinois, whose principal place of business is located in Champaign, Illinois.

7. Plaintiff and Defendant are "persons" as defined in 42 U.S.C. § 2000e(a).

8. Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b), as, on information and belief, it engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

9. At all relevant times, Plaintiff was an "employee" as that term is defined by 42 U.S.C. § 2000e(f), as she was an individual who employed by Defendant, an employer.

## BACKGROUND FACTS

10. Plaintiff began her employment with Defendant during or about August of 2009.

11. Plaintiff's most recent position with Defendant was as a part-time faculty member and college professor in the Agricultural Program within the Agriculture, Engineering, Science, and Technology Department of Parkland College.

12. Plaintiff performed all of her job duties satisfactorily throughout her employment with Defendant.

13. Starting in the 2012 summer semester, Plaintiff's teaching credit hours began to be reduced by Defendant.

14. During the 2012 summer semester, Plaintiff was denied the ability to teach an online course, AGB 102 W001. Bruce Henrikson ("Henrikson"), chair of Defendant's Agricultural department, denied offering the online course that semester.

15. During the 2013 spring semester, AGB 202, a course Plaintiff was qualified to teach, was instead assigned to a male employee, Larry Littlefield, to teach. Furthermore, Plaintiff's pay for teaching another course, AGB 209 500 BH, was reduced.

16. During the 2013 summer semester, none of the courses Plaintiff was qualified to teach were offered, despite the existence of sufficient available students for those courses.

17. During the 2013 fall semester, Littlefield was paid for more students than were actually enrolled in one of his classes. However, Plaintiff's pay for teaching AGB 209 500 BH was decreased from one hundred percent (100%) pay to sixty percent (60%) pay two weeks into the start of the semester.

18. On or about October 29, 2013, Plaintiff emailed Henrikson, complaining that she felt the reduction of her pay for teaching AGB 209 500 BH was an act of discrimination against her. Plaintiff's email stated, in part, "Decreasing my pay two weeks into the start of the course is a discriminatory act."

19. Henrikson's response to Plaintiff's email did not directly address Plaintiff's clear statement that she felt she was being discriminated against.

20. Beginning after the 2013 fall semester, Henrikson no longer allowed students to take AGB 102 as a standard hybrid online course, thereby decreasing the available students for that course and decreasing enrollment in that course. Prior to the 2013 fall semester, students had been allowed to take AGB 102 as a hybrid course.

21. During the 2014 spring semester, Plaintiff was paid fifty percent (50%) pro-rata for teaching AGB 102 001 because of decreased enrollment. Plaintiff originally would only have been able to teach 6.0 credit hours. However, another full-time faculty member, Ryan Robb, gave up a 3.0 credit hour class so Plaintiff would have more credits to teach.

22. On January 21, 2014, Plaintiff emailed Defendant's human resources department, complaining that Henrikson only offered her 6.0 credit hours to teach for the 2014 spring semester, despite more classes being available which Plaintiff was qualified to teach. Plaintiff specifically noted that Henrikson instead offered those extra courses to instructors outside the agricultural department.

23. During the 2014 summer semester, Plaintiff was not offered any classes to teach.

24. On information and belief, Henrikson manipulated enrollment of students away from courses taught by Plaintiff so that those courses would not have enough students.

25. During the 2014 fall semester, Plaintiff was only offered one course to teach, AGB 271 301H. Henrickson taught AGB 102 himself, along with another faculty member, Don Bergfield, instead of allowing Plaintiff to teach the course.

26. Henrikson claimed his reason for not offering Plaintiff AGB 102 to teach was that he felt she was unqualified to teach the course. Yet, despite Henrikson's claim that Plaintiff was unqualified to teach the course, he used course materials drafted by Plaintiff when he taught the course, adding nothing to those materials himself.

27. During or about September of 2014, Plaintiff filed a grievance with the Parkland College part-time faculty union.

28. Due to Plaintiff receiving less than 6.0 credit hours in the 2014 fall semester, she no longer qualified to be part of the Parkland College part-time faculty union.

29. Plaintiff was not offered any courses to teach in the 2015 spring semester because she had lost her union member status. However, a male instructor, Kyle Krapf, was assigned to teach AGB 102 despite being a part-time, non-union instructor who had never taught that course before.

30. On or about January 6, 2015, Plaintiff emailed Kristine M. Young ("Young"), Defendant's Vice President of Academic Services, stating, in part, that Henrikson's actions were discriminatory.

31. Young's only response to Plaintiff's email was to direct Plaintiff to Defendant's human resources department.

5

32. By forcing the removal of Plaintiff from the part-time union, and failing to offer Plaintiff further courses to teach, Defendant discharged Plaintiff from her employment, constructively or otherwise, on or about January 6, 2015.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## DUE TO DISCRIMINATION

33. Plaintiff incorporates all of the allegations and statements contained in the paragraphs above as if reiterated herein.

34. Defendant, in violation of 42 U.S.C. § 2000e, has denied and continues to deny Plaintiff an equal opportunity for employment due to her sex, female.

35. During Plaintiff's employment with Defendant, she was subjected to gender discrimination in that there was a double-standard between the treatment of Plaintiff and other male employees.

36. The discriminatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the authorized employees, agents, and/or representatives of Defendant.

37. Defendant, through its authorized employees, agents, and/or representatives, knew that its wrongful termination and discriminatory treatment of Plaintiff because of her sex violated Title VII.

38. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendant from maintaining a policy, practice, usage or custom of discriminating against Plaintiff because of her sex with respect to compensation, terms conditions and/or privileges of employment, depriving Plaintiff of equal employment opportunities, and

otherwise adversely affecting her status as an employee, because of her sex. This Complaint also seeks restitution to Plaintiff for the denial of all of her rights, privileges, benefits, and income that would have been received by Plaintiff but for Defendant's unlawful and illegal discriminatory acts and practices.

39. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom, and usage as set forth herein, unless and until it is enjoined by the Court.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 DUE TO RETALIATION

40. Plaintiff incorporates all of the allegations and statements made in the paragraphs above as if fully reiterated herein.

41. Defendant, in violation of 42 U.S.C. § 2000e, has denied and continues to deny Plaintiff an equal opportunity for employment in retaliation for Plaintiff reporting her discriminatory treatment to Defendant's senior faculty members and human resources representatives as set forth above.

42. During Plaintiff's employment with Defendant she was subjected to retaliation for engaging in a legally-protected activity, as set forth above.

43. The retaliatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All the actions of the individuals described herein were undertaken in their capacities as the authorized employees, agents, and/or representatives of Defendant.

44.     Defendant, through its authorized employees, agents, and/or representatives, knew that its wrongful termination of and retaliation against Plaintiff for reporting her discriminatory treatment to Defendant's senior faculty members and human resources representatives violated Title VII.

45.     This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendant from maintaining a policy, practice, usage, or custom of retaliating against Plaintiff for partaking in a protected activity with respect to compensation, terms, conditions, and/or privileges of employment, depriving Plaintiff of equal employment opportunities, and otherwise adversely affecting her status as an employee, for reporting her discriminatory treatment to Defendant's directors, managers, and human resources representatives. This Complaint also seeks restitution to Plaintiff for the denial of all of her rights, privileges, benefits, and income that would have been received by her but for Defendant's unlawful and illegal retaliatory acts and practices.

46.     Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom, and usage as set forth herein, unless and until it is enjoined by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CASSANDRA WOLSIC, respectfully prays this Honorable Court enter judgment against Defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEQITT, DOUGLAS, EDGAR, FORD, IROQUIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILLION AND STATE OF ILLINOIS, as follows:

a. Declaring the Defendant's ongoing practices complained of herein unlawful and in violation of Title VII;

b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate against its employees or retaliate against individuals who engage in legally protected activities;

d. Immediately assigning Plaintiff to the position she would now be occupying but for the discriminatory and/or retaliatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which she would have received but for the discriminatory and/or retaliatory practices of Defendant, or awarding Plaintiff front-end and future pay;

e. Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory and/or retaliatory practices of Defendant;

f. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory and/or retaliatory practices of Defendant;

g. Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees;

h. Awarding Plaintiff liquidated, compensatory, and/or punitive damages for Defendant's willful conduct; and

i. Granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of any attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

CASSANDRA WOLSIC

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, IL 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com