E-FILED
Monday, 03 February, 2020  03:04:52 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | | |
|---|---|---|---|
| CASSANDRA WOLSIC, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 20-02003 |
| | ) | | |
| BOARD OF TRUSTEES OF | ) | | |
| COMMUNITY COLLEGE | ) | | |
| DISTRICT NO. 505 (PARKLAND | ) | | |
| COLLEGE) COUNTIES OF | ) | | |
| CHAMPAIGN, COLES, DEWITT, | ) | | |
| DOUGLAS, EDGAR, FORD, | ) | | |
| IROQUOIS, LIVINGSTON, | ) | | |
| MCLEAN, MOULTRIE, | ) | | |
| PIATT, VERMILION AND STATE | ) | | |
| OF ILLINOIS, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## **MOTION AND MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT**

NOW COMES, the Defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS ("Parkland College,") by its attorneys, Meyer Capel, A Professional Corporation, and for its Motion and Memorandum in Support of Summary Judgment, states as follows:

### Introduction

The issue raised by this Motion is simple and straightforward - summary judgment should be entered in favor of Defendant Parkland College because the Plaintiff's Complaint was untimely. The exhibits attached hereto establish that the Plaintiff failed to file her Complaint in this Court within 90-days of receiving her Right to Sue Letter, and that summary judgment is appropriate at this time.

**Undisputed Material Facts**

1.　　On September 17, 2019, the Department of Justice issued a Notice of Right to Sue in relation to Plaintiff's Title VII charge filed with the EEOC.  (*See*, Complaint at ¶ 4.d., and copy of Notice of Right to Sue Within 90 Days attached hereto and incorporated herein as **Exhibit 1**.)

2.　　The Notice of Right to Sue was sent to the Plaintiff Certified Mail 7016 2140 0000 5581 6213, with Return Receipt Requested.  (*See*, Exhibit 1 hereto.)

3.　　United States Postal Service tracking for tracking number 7016 2140 0000 5581 6213, through USPS.com, confirms that the Notice of Right to Sue was delivered to the Plaintiff in Frankfort, Illinois, on October 7, 2019 at 2:32 p.m.  (*See*, USPS.com – USPS Tracking Results printed on 1/16/2020, a copy of which is attached hereto and incorporated herein as **Exhibit 2**.)

4.　　The Return Receipt for article 7016 2140 0000 5581 6213 was signed by Plaintiff and returned to the Department of Justice on October 7, 2019.  (*See*, copy of Return Receipt, a copy of which is attached hereto and incorporated herein as **Exhibit 3**.)

5.　　The Plaintiff received her Notice of Right to Sue on October 7, 2019.  (*See*, Exhibits 1 – 3 hereto.)

6.　　Ninety days from October 7, 2019 is Sunday, January 5, 2020.

7.　　The Plaintiff's Complaint was not filed until Tuesday, January 7, 2020.  (*See*, Complaint, Doc. [#1].)

**Procedural Argument**

"A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Fed. R. Civ. P. 56(a). At the summary judgment stage, evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986).  A genuine dispute of material fact exists when a reasonable juror could find for the nonmovant.  "Summary judgment is appropriate when the admissible evidence shows that there is no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law."  *Taylor–Novotny v. Health Alliance Plans, Inc.*, 772 F.3d 478, 488 (7th Cir. 2014).

Exhibits 1, 2 and 3 to this Motion for Summary Judgment are government documents. Exhibit 1 is a copy of the Notice of Right to Sue Within 90 Days produced by the U.S. Department of Justice.  Exhibit 2 is a printout from USPS.com showing USPS Tracking Results for tracking number 7016 2140 0000 5581 6213.  Finally, Exhibit 3 is a copy of PS Form 3811 – Domestic Return Receipt – which was returned to the U.S. Department of Justice following receipt by the Plaintiff.  Exhibit 3 was obtained by Defendant from the U.S. Department of Justice.

Under Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of facts which are not subject to reasonable dispute.  Government documents fall within the ambit of Rule 201.  (*See*, *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 931 fn. 2 (S.D. Ill. 2006) ("The Court may of course judicially notice public records and government documents, including those available from reliable sources on the Internet"); and, *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) ("Judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies is proper.")  Accordingly, Parkland College hereby moves the Court to take judicial notice of Exhibits 1, 2 and 3.

## Argument

In *Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999), the court explained that "[u]nder the ADA, ADEA, and Title VII, a plaintiff must file her suit within 90 days from the date the EEOC gives notice of the right to sue. 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e); 42 U.S.C.

§ 2000e–5(f)(1).  <u>This court held that this 90–day period begins to run when the claimant receives actual notice of her right to sue</u>."  [Emphasis added.]

A plaintiff's failure to file a complaint in the United States District Court within 90 days of receipt of their Notice of Right to Sue is fatal to the plaintiff's cause of action.  *See*, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149 - 152, 104 S. Ct. 1723 (1984).  The *Baldwin County* Court reasoned that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980), '[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'"  *Id.* at 466 U.S. at 152.

In this case, in relation to the Plaintiff's Title VII charge filed with the EEOC, the Department of Justice sent the Notice of Right to Sue to Plaintiff on September 17, 2019.  It was sent Certified Mail Return Receipt Requested.  (*See*, Exhibit 1 hereto.) The front of the "green card" which is the Return Receipt bears the date September 17, 2019 at the bottom.  That is the date the letter was sent by the Department of Justice.  (*See*, Exhibit 3 hereto.) Plaintiff signed for that letter, but the signature itself is undated. However, it should be noted that a Return Receipt form is physically affixed to correspondence by the sender with the signature section facing out. Once it has been signed by the recipient, the card itself is pulled from the envelope, stamped by the postal service to reflect the date of service and returned to the sender. The bottom half of Exhibit 3 hereto is the "backside" of that Return Receipt. It bears the South Suburban Postal Facility stamp confirming delivery on October 7, 2019. This is consistent with the USPS tracking information that is tied to this receipt and reflects delivery to Ms. Wolsic at 2:32 p.m. on October 7, 2019.  (*See*, Exhibit 2 hereto.)

As established by statute and the caselaw cited above, Plaintiff had 90-days after receipt of her Notice of Right to Sue within which to file her Complaint. That 90-day count began on October 8th; and therefore, Plaintiff technically would have been required to file her lawsuit on January 5, 2020.  However, January 5, 2020 was a Sunday, so she would have been allowed one more day, until January 6, 2020.  According to the file-stamped pleading, the Complaint [Doc. #1] was not filed until January 7, 2020.  As a result, Plaintiff's Complaint was untimely and filed outside of the statute of limitations for the Right to Sue.  (*See*, 42 U.S.C. § 2000e–5(f)(1)).

Accordingly, summary judgment should be entered in favor of the Defendant, Parkland College, at this time.

WHEREFORE, the Defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS, moves this Court to enter summary judgment in its favor, and for such other relief as the Court deems just and reasonable.

Respectfully submitted,
BOARD OF TRUSTEES OF
COMMUNITY COLLEGE DISTRICT NO.
505 (PARKLAND COLLEGE) COUNTIES OF
CHAMPAIGN, COLES, DEWITT, DOUGLAS,
EDGAR, FORD, IROQUOIS, LIVINGSTON,
MCLEAN, MOULTRIE, PIATT, VERMILION
AND STATE OF ILLINOIS, Defendant,

By:     Meyer Capel, A Professional Corporation

By: **/s/ Lorna K. Geiler**
        Lorna K. Geiler, Bar#6192940
        Attorney for the Defendant
        Meyer Capel, A Professional Corporation
        306 W. Church St.
        Champaign, IL 61820
        Phone: (217) 352-1800
        Email: lgeiler@meyercapel.com

<u>**CERTIFICATE OF SERVICE BY ATTORNEY**</u>

  In accordance with Fed.R.Civ.P. 5(a) and LR5.3(c) the undersigned attorney certifies that the foregoing **MOTION AND MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT** was filed with the Clerk of this Court by submission of the same via this Court's Electronic Case File System ("ECF") on February 3, 2020 and that notice of said electronic filing will automatically be transmitted by email to:

**David Brian Levin -** dlevin@toddflaw.com

**Steven Gene Perry -** sperry@toddflaw.com

        By:  <u>**/s/ Lorna K. Geiler**</u>
            Lorna K. Geiler, Bar#6192940
            Attorney for the Defendant
            Meyer Capel, A Professional Corporation
            306 W. Church St.
            Champaign, IL 61820
            Phone: (217) 352-1800
            Email: lgeiler@meyercapel.com



**U.S. Department of Justice**

Civil Rights Division

ESD:KDW:KLF
DJ 170-24-47

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC  20530*
*www.usdoj.gov/crt/emp*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL 7016 2140 0000 5581 6213
RETURN RECEIPT REQUESTED

SEP 1 7 2019

Ms. Cassandra L. Wolsic
901 Silver Street
Urbana, IL  60801

               Re:     Cassandra L. Wolsic v. Parkland College
                          EEOC Charge No. 440-2015-05383

Dear Ms. Wolsic:

       It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC).  This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

       <u>You are hereby notified that conciliation in these matters was unsuccessful by the EEOC.  You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondents.  If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.</u>

       Therefore, you should consult an attorney of your own choosing at your earliest convenience.  If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 41 U.S.C. 2000e-5(f)(1).

       We have returned the files in this matter to EEOC's Chicago District Office.  If you or your attorney have any questions concerning this matter or wish to inspect the investigative files, please feel free to address your inquiry to:  Julianne Bowman, Director, EEOC, JCK Federal Building, 230 S. Dearborn St., Ste. 1866, Chicago, IL 60604.

                     Sincerely,

                     Eric S. Dreiband
                   Assistant Attorney General
                   Civil Rights Division

            By:

                   Karen D. Woodard
                   Principal Deputy Chief
                   Employment Litigation Section

cc:    Parkland College
       Lorna K. Geiler, Esquire Parkland College
       EEOC, Chicago District Office

**EXHIBIT1**

# USPS Tracking®

**FAQs ›**

### Track Another Package ＋

**Tracking Number:** 70162140000055816213

Remove ✕

Your item was delivered at 2:32 pm on October 7, 2019 in FRANKFORT, IL 60423.

 **Delivered**

October 7, 2019 at 2:32 pm
Delivered
FRANKFORT, IL 60423

Feedback

| Tracking History | ⌄ |
| --- | --- |

| Product Information | ⌄ |
| --- | --- |

### See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

**EXHIBIT 2**



| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Cassadra Wolsie*   ☐ Agent   ☐ Addressee<br>B. Received by ( *Printed Name*)   C. Date of Delivery<br>*Cassandra Wolsie* |
| 1. Article Addressed to:<br><br>*Wolsie*<br><br>637575<br><br>(cf) | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☐ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)   ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*)   7016 2140 0000 5581 6213 | |
| PS Form 3811, February 2004   CH   Domestic Return Receipt   9/17/19 | 102595-02-M-1540 |

S. SUBURBAN
UNITED STATES POSTAL SERVICE
07 OCT '19
PM 1 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Karen L. Ferguson, Supervisory CR Analyst
Department of Justice, CRD, ELS
4 Constitution Square
150 M Street, N.E., Room 9.514
Washington, DC 20530

**EXHIBIT 3**