UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CASSANDRA WOLSIC,<br><br>　　　Plaintiff,<br><br>　v.<br><br>BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS,<br><br>　　　Defendant. | Case No. 2:20-cv-02003<br><br>Hon. Judge Colin Stirling Bruce<br><br>Hon. Magistrate Judge Eric I. Long |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

　　Now comes the Plaintiff, CASSANDRA WOLSIC, by and through her attorneys, and for her Response to the Motion for Summary Judgment (Dkt. #7) filed by the Defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEQITT, DOUGLAS, EDGAR, FORD, IROQUIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILLION AND STATE OF ILLINOIS, Plaintiff states as follows:

**I.　　INTRODUCTION**

　　Defendant asks the Court to grant summary judgment in this matter, claiming that Plaintiff filed her Complaint after the expiration of the 90-day period following her receipt of the Notice of

Right to Sue letter (the "DOJ letter") from the U.S. Department of Justice. In support of its Motion, Defendant attached a record from the United States Postal Service ("USPS") Tracking website and a photocopy of a USPS certified mail card, neither of which is verified or authenticated. Based solely upon these two documents, Defendant asks the Court to find that there is no genuine issue of fact as to the date of Plaintiff's receipt of the DOJ letter. Defendant asks the Court to take judicial notice of the fact that, based upon the exhibits to its Motion, Plaintiff received the DOJ letter on October 7, 2019. If that were the date Plaintiff received the DOJ letter, that would make the filing of her Complaint on January 7, 2020 untimely. However, Plaintiff disputes the date of receipt contained in the USPS records.

Attached to this Response is the Declaration of Plaintiff, in which she swears under oath that she actually received the DOJ letter on October 14, 2019. Plaintiff's dispute of the date of receipt claimed by Defendant is further underscored by a handwritten notation of "10-14," which was made on the envelope in which the DOJ letter was contained, prior to it being given to Plaintiff. In addition, Plaintiff's signature on the certified mail card is not dated, further drawing into question the actual date of the DOJ letter's delivery to Plaintiff.

As Plaintiff will demonstrate, the date of delivery of the DOJ letter is not a fact of which the Court can take judicial notice, as it is subject to a reasonable dispute. Because the sole basis for Defendant's Motion for Summary Judgment is the date of Plaintiff's receipt of the DOJ letter, and a genuine issue of fact exists as to that date, Defendant is not entitled to summary judgment and its Motion must be denied.

**II.     RESPONSE TO UNDISPUTED MATERIAL FACTS**

    **A.     Undisputed Material Facts**

Plaintiff does not dispute the following material facts listed at p. 2 of Defendant's Motion: Fact Nos. 2 and 7.

    **B.     Disputed Material Facts**

Plaintiff disputes the following material facts listed at p. 2 of Defendant's Motion: Fact Nos. 3, 4, and 5. In support of her dispute of those material facts, Plaintiff submits her Declaration, which is attached to this Response as Exhibit 1. The basis of Plaintiff's disputes to these facts is further explained below.

    **C.     Disputed Immaterial Facts**

Plaintiff disputes the following immaterial fact listed at p. 2 of Defendant's Motion, based upon her lack of personal knowledge: Fact No. 1. Plaintiff has no way to know the date on which the Department of Justice issued the Notice of Right to Sue, although it does appear to be hand-stamped "SEP 17 2019". Defendant does not offer any evidence to support the hand-stamped date on the letter although it is immaterial to the determination of Defendant's Motion.

    **D.     Undisputed Immaterial Facts**

Plaintiff does not dispute the following immaterial fact listed at p. 2 of Defendant's Motion: Fact No. 6.

    **E.     Additional Material Facts**

1.     Plaintiff received the Notice of Right to Sue letter from the Department of Justice on October 14, 2019. *See* Declaration of Plaintiff, Exhibit 1 to this Response, at par. 3.

2. When the Notice of Right to Sue letter was given to Plaintiff, the envelope in which it was sent already bore a handwritten notation of "10-14". *See* Declaration of Plaintiff, Exhibit 1 to this Response, at par. 6-8.

3. When the certified mail card was presented to Plaintiff to sign, it had already been removed from the back of the envelope. *See* Declaration of Plaintiff, Exhibit 1 to this Response, at par. 9.

4. Plaintiff did not witness the certified mail card being removed from the envelope. *See* Declaration of Plaintiff, Exhibit 1 to this Response, at par. 10.

5. Ninety days after October 14, 2019 was January 12, 2020.

6. The date of filing of Plaintiff's Complaint (Dkt. #1), January 7, 2020, was less than 90 days after October 14, 2019.

### III. ARGUMENT

#### A. Applicable Legal Standards

##### 1. Summary Judgment

Summary judgment is not appropriate unless "the admissible evidence shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Bunn v. Khoury Enterprises, Inc.,* 753 F.3d 676, 681 (7th Cir. 2014), *citing* Fed. R. Civ. P. 56(a) and *Lawson v. CSX Transp., Inc.*, 245 F.3d 916, 922 (7th Cir. 2001).

"A 'material fact' is one identified by the substantive law as affecting the outcome of the suit." *Id.*, citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A 'genuine issue' exists with respect to any such material fact, and summary judgment is therefore inappropriate, when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* at 681-682, citing *Anderson*, 477 U.S. at 248. "In determining whether a genuine issue of

material fact exists, we view the record in the light most favorable to the nonmoving party." *Id.* at 682, citing *Anderson*, 477 U.S. at 255.

### 2. Judicial Notice

A court may take judicial notice of an adjudicative fact "<u>that is not subject to reasonable dispute</u>, because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added). "A high degree of indisputability is the essential prerequisite." Fed. R. Evid. 201 Advisory Committee Notes (1972). "[T]he tradition has been one of caution in requiring that the matter be beyond reasonable controversy." *Id.*

"In order for a fact to be judicially noticed, <u>indisputability is a prerequisite</u>." *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) (emphasis added). "Judicial notice is a powerful tool that must be used with caution." *Daniel v. Cook County*, 83 F.3d 728, 742 (7th Cir. 2016), citing *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). "[C]ourts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *General Elec. Capital Corp.*, 128 F.3d at 1081. "It takes more than an exception to the hearsay rule, in other words, to justify judicial notice." *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008).

### B. A Genuine Issue of a Material Fact Exists as to the Date on Which Plaintiff Received the Notice of Right to Sue Letter from the Department of Justice.

Pursuant to 28 C.F.R. § 1601.28(d), a notice of right to sue can be issued by the Attorney General (i.e. the Department of Justice ("DOJ")), where there has been a finding of reasonable cause by the Equal Employment Opportunity Commission ("EEOC"), there has been a failure of conciliation, and the Attorney General has decided not to file a civil action. Such was the case here. The DOJ's Notice of Right to Sue letter (the "DOJ letter") to Plaintiff was attached to

Defendant's Motion as Exhibit 1. (Dkt. #7, at p. 7). The letter was sent to Plaintiff by certified mail.

In support of its request that summary judgment be granted in its favor, Defendant relies solely upon two documents: (1) a printout from the USPS Tracking website (Dkt. #7, at p. 8), and a photocopy of a USPS certified mail card (Dkt. #7, at p. 9). Defendant asks the Court to take judicial notice of the accuracy of the information contained in these documents. Defendant has not supplied any affidavits, declarations, or other sworn statements in support of its Motion.

Attached to this Response as Exhibit 1 is the Declaration of Plaintiff, sworn under oath pursuant to 28 U.S.C. § 1746. Such a declaration is equivalent to an affidavit for purposes of summary judgment. *Owens v. Hinsley*, 635 F.3d 950, 955 (7th Cir. 2011). In her Declaration, Plaintiff states that she received a notification in her home mailbox on October 7, 2019 that a piece of certified mail was being held for her at the local post office, which turned out to be the DOJ letter at issue. *See* Declaration of Plaintiff, par. 2 and 4. Plaintiff went to her local post office in Frankfort, Illinois to pick up that DOJ letter on October 14, 2019. *See* Declaration of Plaintiff, par. 3. At the time the envelope containing the DOJ letter was handed to Plaintiff at the post office, it contained a handwritten notation on the front reading "10-14". *See* Declaration of Plaintiff, par. 6 and 8. Plaintiff did not place that notation on the envelope herself. *See* Declaration of Plaintiff, par. 7. When the USPS employee handed the certified mail card to Plaintiff to sign, it had already been removed from the envelope that contained the DOJ letter. *See* Declaration of Plaintiff, par. 9. Plaintiff did not see the USPS employee remove the certified mail card from the back of the envelope. *See* Declaration of Plaintiff, par. 10.

In a Title VII case such as this one, "a plaintiff must file her suit within 90 days from the date the EEOC gives notice of the right to sue." *Houston v. Sidley & Austin*, 185 F.3d 837, 838-

839 (7th Cir. 1999), citing 42 U.S.C. § 2000e–5(f)(1). "[T]his 90–day period begins to run when the claimant receives actual notice of her right to sue." *Id.* at 839 (citations omitted). The Seventh Circuit Court of Appeals has held that "when the EEOC sends a right-to-sue letter by certified mail, the 90–day limitations period presumptively begins to run <u>on the day the plaintiff actually received the letter</u>, so long as she picks it up within the time that the Post Office's notice gives her before it will be returned to the sender." *Id.* (emphasis added).

This Seventh Circuit holding is no less applicable when the right to sue letter is sent by the DOJ instead of the EEOC. Plaintiff has sworn under oath that she received the DOJ letter on October 14, 2019 by picking it up at the post office, in the same manner as the Plaintiff in *Houston* did. When viewing the record before the Court in a light most favorable to Plaintiff, the 90-day period for Plaintiff to file this lawsuit began on October 14, 2019. The filing of Plaintiff's Complaint on January 7, 2020 was within that 90-day period and was therefore timely. At the very least, a genuine dispute of a material fact exists as to the date of Plaintiff's receipt of the DOJ letter, making summary judgment inappropriate. The "10-14" notation, which was on the envelope at the time Plaintiff received it, further underscores the existence of a question of fact, as does the fact that Plaintiff's signature on the certified mail card is not dated. Therefore, Defendant's Motion for Summary Judgment must be denied.

### C. The Court Should Not Take Judicial Notice of the Contents of the Exhibits Submitted with Defendant's Motion.

On the surface, Defendant appears to ask the Court to take judicial notice – based on the USPS internet records and a stamp on the certified mail card – that Plaintiff received the DOJ letter on October 7, 2019. But Defendant has really asked the Court to take judicial notice of far more. In its Motion, Defendant describes in detail the manner in which USPS obtains a recipient's signature and date-stamps a certified mail return receipt card (Dkt. #7, at p. 4). Defendant provides

no authority for the description of this procedure, nor does Defendant provide any evidence that the procedure was followed in this case. In fact, the procedure as Defendant has described it was not followed here, as the certified mail card had already been removed from the envelope that contained the DOJ letter when the USPS employee handed it to Plaintiff to sign. *See* Declaration of Plaintiff, par. 9. Further, Plaintiff did not see the USPS employee remove the certified mail card from the back of the envelope. *See* Declaration of Plaintiff, par. 10.

Regardless, the Court may only take judicial notice of the October 7 date if it is "not subject to reasonable dispute" and if the accuracy of that date "cannot reasonably be questioned." Fed. R. Evid. 201(b). The Seventh Circuit Court of Appeals has warned that "[j]udicial notice is a powerful tool that must be used with caution." *Daniel v. Cook County, supra*, 83 F.3d at 742. "In order for a fact to be judicially noticed, indisputability is a prerequisite." *Hennessy v. Penril Datacomm Networks, Inc., supra,* 69 F.3d at 1354. Plaintiff has contested the facts of which Defendant asks the Court to take judicial notice in her sworn declaration. Under such circumstances, the date of Plaintiff's receipt of the DOJ letter certainly cannot be described as indisputable. That date is clearly in question and taking judicial notice of it would not be appropriate under these circumstances.

Plaintiff recognizes that decisions within this District exist in which the courts took judicial notice of the date of receipt of a certified mailing from the USPS website's tracking records. *See Waller v. Stratton*, No. 10-cv-495-JPG-SCW, 2011 WL 2149081 (C.D. Ill. May 31, 2011); *Ananias v. Stratton*, No. 11-3274, 2012 WL 1434880 (C.D. Ill. April 25, 2012); *Johnson v. Toys R Us, Inc.*, No. 11-1431, 2012 WL 2282218 (C.D. Ill. June 15, 2012). However, nothing in any of those decisions indicates that the plaintiffs were contesting the date of receipt contained in the USPS records. There is no mention of any of those plaintiffs having submitted a sworn declaration

contesting the date contained in the USPS records. In one case, the court even noted that the plaintiff had not responded to the defendant's motion to dismiss. *See Johnson*, 2012 WL 2282218, at *2. The existence of these decisions does not change Plaintiff's position. The lack of any dispute by the plaintiffs in those cases as to the date of receipt of the right to sue letters stands in stark contrast to Plaintiff's declaration filed in this case. Plaintiff's dispute as to the contents of the USPS records prevents judicial notice from being taken here.

It bears noting that other opinions do exist in which courts have decided against taking judicial notice of delivery dates contained in USPS records where those dates were in dispute. In *Walton v. EOS CCA*, the court stated that "[j]udicial notice is generally reserved for the acknowledgement of matters of 'common knowledge,' and a [USPS] Tracking Report is not a good fit." *Id.*, 1:15-cv-00822-TWP-DML, 2017 WL 9531997, at * 7 (S.D. Ind. July 24, 2017) (citation omitted). *See also T. McGann Plumbing, Inc. v. Sullivan*, No. 06 C 6591, 2008 WL 161592, at * 2 (N.D. Ill. January 15, 2008) (refusing to take judicial notice of the date of delivery listed on the USPS "Track & Confirm" webpage where the date of receipt was subject to a reasonable factual dispute); *Lozano v. Ashcroft*, 258 F.3d 1160, 1166 (10th Cir. 2001) (stating that it was not proper for the court to take judicial notice of the date of receipt when there was a genuine dispute over the accuracy of the receipt date).

Plaintiff also recognizes the cases cited by Defendant in its Motion, which do stand for the proposition that courts can take judicial notice of government documents. However, both of those cases are distinguishable from the facts of this case. In *Bova v. U.S. Bank, N.A.*, 446 F.Supp.2d 926 (S.D.Ill. 2006), the Court took judicial notice from the Illinois Secretary of State's website that one of the defendants was incorporated under Illinois law and maintained its principal place of business in Chicago, thus making it an Illinois citizen for diversity purposes. However, the court

also noted that the parties did not dispute that the company was an Illinois citizen. *Id.* at 931, fn. 2). In this case, Plaintiff has provided her Declaration disputing the facts of which Defendant asks the Court to take judicial notice. In *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449 (7th Cir. 1998), the district court took judicial notice of historical documents, which included treaties dating back to the mid-1800's, historical papers chronicling the treaty negotiations, the Tribe's 1850 letter to the President requesting permission to remain in Wisconsin, and some mid-nineteenth century reports of the Commissioner of Indian Affairs. That situation is far removed from the documents of which Defendant asks the Court to take judicial notice in this case, especially in light of Plaintiff's dispute of the contents of the USPS records.

The Court does not have to take judicial notice of the USPS records simply because they might be categorized as government documents. Simply because records indicate October 7, 2019 as the alleged date of delivery of the DOJ letter to Plaintiff does not mean those records are correct. A blanket assumption cannot be made that all USPS records must be correct and that mistakes could never be made in such records.

Finally, if Defendant attempts to argue that the USPS records submitted with its motion fall within one of the exceptions to the hearsay rule, the Court still should not take judicial notice of the contents of those records. While in theory one could potentially establish the USPS documents as records of a regularly conducted activity under Fed. R. Evid. 803(6) or public records under Fed. R. Evid. 803(8), Defendant has not provided the Court with any sworn statement containing the information which would be necessary to apply one of those hearsay exceptions. Even if such information were provided, "[i]t takes more than an exception to the hearsay rule…to justify judicial notice." *Doss, supra,* 551 F.3d at 640. *See also Munguia v. Illinois*, No. 10 C 0055,

10

2010 WL 3172740, at *5 (N.D. Ill. Aug. 11, 2010) (the judicial notice analysis does not change merely because reports are admissible under a hearsay exception).

In light of Plaintiff's dispute of the information contained in the USPS records submitted by Defendant in support of its Motion, taking judicial notice of the contents of those records would be improper. As that is the sole basis for Defendant's Motion for Summary Judgment, that Motion must be denied.

D.     **Conclusion**

Plaintiff's Declaration creates a genuine issue of material fact which prevents summary judgment from being granted in this case. When viewing the facts at issue in a light most favorable to Plaintiff, it is clear that Defendant's Motion for Summary Judgment must be denied.

Furthermore, Plaintiff's Declaration creates a reasonable dispute as to the date of delivery of the DOJ letter to her and puts the accuracy of the USPS records submitted by Defendant into question. Under those circumstances, it would not be appropriate to take judicial notice of the contents of those records. Without judicial notice of the date of delivery of the DOJ letter to Plaintiff, as Defendant has requested, no basis exists for an award of summary judgment in Defendant's favor.

WHEREFORE, Plaintiff, CASSANDRA WOLSIC, respectfully requests this Honorable Court deny the Motion for Summary Judgment filed by Defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEQITT, DOUGLAS, EDGAR, FORD, IROQUIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILLION AND STATE OF ILLINOIS, and grant such other relief as may be just and proper.

RESPECTFULLY SUBMITTED,

CASSANDRA WOLSIC

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, IL 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on February 23, 2020, a copy of the foregoing Response to Defendant's Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including the following:

Lorna K. Geiler
Meyer Capel, A Professional Corporation
306 W. Church Street
Champaign, IL 61820
lgeiler@meyercapel.com

/s/ David B. Levin
Attorney for Plaintiff