UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CASSANDRA WOLSIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 20-02003 |
| | ) |
| BOARD OF TRUSTEES OF | ) |
| COMMUNITY COLLEGE | ) |
| DISTRICT NO. 505 (PARKLAND | ) |
| COLLEGE) COUNTIES OF | ) |
| CHAMPAIGN, COLES, DEWITT, | ) |
| DOUGLAS, EDGAR, FORD, | ) |
| IROQUOIS, LIVINGSTON, | ) |
| MCLEAN, MOULTRIE, | ) |
| PIATT, VERMILION AND STATE | ) |
| OF ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW**

NOW COMES, the Defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS ("Parkland College,") by its attorneys, Meyer Capel, A Professional Corporation, and for its Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11, states as follows:

1. Plaintiff filed her Complaint [#1] on January 7, 2020.

2. Following review of the Complaint, Defendant's counsel recognized that the Plaintiff's Complaint was filed after the statute of limitations provided at 42 U.S.C. § 2000e–5(f)(1) had expired.

3.      On January 17, 2020, Defendant's counsel sent a letter to Plaintiff's counsel explaining that Plaintiff's Complaint was untimely, and asking if the Plaintiff would be voluntarily dismissing the Complaint. (A copy of said letter is attached hereto as **Exhibit 1**.) ("Please advise as to whether or not you will voluntarily dismiss this Complaint or if I need to file a Motion with the Court.")

4.      Plaintiff's counsel did not respond to Defendant's counsel's January 17, 2020 letter. Therefore, on February 3, 2020, Defendant filed its Motion for Summary Judgment [#7] with supporting evidence – establishing the Plaintiff received her Notice of Right to Sue Within 90 Days on October 7, 2019, but did not file her Complaint until January 7, 2020.

5.      On February 23, 2020, Plaintiff filed her Response to Defendant's Motion for Summary Judgment [#8], in which the Plaintiff disputes the dates shown on the U.S. Post Office records which the Defendant attached to its Motion for Summary Judgment.

6.      The Declaration of Plaintiff [#8-1] is attached to her Response to Defendant's Motion for Summary Judgment.

7.      In her Declaration of Plaintiff, Plaintiff declared "under penalty of perjury" that "On October 14, 2019, I went to the local post office in Frankfort, Illinois to pick up that certified mailing" (referring to her Notice of Right to Sue Within 90 Days.)

8.      Plaintiff's statement in her Declaration, that she picked up her Notice of Right to Sue Within 90 Days on October 14, 2019 is false. (*See*, Declaration of Elizabeth Anderson at ¶ 15, establishing that the Frankfort, Illinois Post Office was closed on October 14, 2019 for Columbus Day.)

9.      Ultimately, on April 28, 2020, Plaintiff filed a Motion to Dismiss stating that "After considering the issues raised in the Declaration of Elizabeth Anderson (Docket #11, at p. 4) filed

in supplemental support of Defendant's Motion for Summary Judgment (Docket #7), Plaintiff has decided that she wishes to dismiss her case with prejudice at this time."

10. Also, on April 28, 2020, this Court entered an order terminating the Plaintiff's cause of action.

11. Federal Rule of Civil Procedure, Rule 11(b) provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

12. Federal Rule of Civil Procedure, Rule 11(c) allows an aggrieved party to file a motion for sanctions seeking, *inter alia*, "reasonable attorney's fees and other expenses directly resulting from the violation."

13. In this case, Plaintiff's untimely Complaint, Declaration and arguments in opposition to the Defendant's Motion for Summary violated Rule 11(b).

14. Once a violation of Rule 11(b) has been established an award of sanctions is mandatory. *See*, *O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 709 (2nd Cir. 1990).

15. Attached hereto as **Exhibit 2** is the Declaration of Lorna K. Geiler – establishing that as a direct result of the Plaintiff's violation of Rule 11(b) the Defendant has incurred damages in the amount of $4,972.50 as reasonable attorney's fees and other expenses.

WHEREFORE, the Defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS, moves this Court to enter an order sanctioning the Plaintiff pursuant to Federal Rule of Civil Procedure 11, awarding the Defendant $4,972.50 for reasonable attorney's fees and other expenses, and for such other relief as the Court deems just and proper.

    Respectfully submitted,
BOARD OF TRUSTEES OF
COMMUNITY COLLEGE DISTRICT NO.
505 (PARKLAND COLLEGE) COUNTIES OF
CHAMPAIGN, COLES, DEWITT, DOUGLAS,
EDGAR, FORD, IROQUOIS, LIVINGSTON,
MCLEAN, MOULTRIE, PIATT, VERMILION
AND STATE OF ILLINOIS, Defendant,

By:   Meyer Capel, A Professional Corporation

By: **/s/ Lorna K. Geiler**
     Lorna K. Geiler, Bar#6192940
     Attorney for the Defendant
     Meyer Capel, A Professional Corporation
     306 W. Church St.
     Champaign, IL 61820
     Phone: (217) 352-1800
     Email: lgeiler@meyercapel.com

**CERTIFICATE OF SERVICE BY ATTORNEY**

In accordance with Fed.R.Civ.P. 5(a) and LR5.3(c) the undersigned attorney certifies that the foregoing **MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW** was filed with the Clerk of this Court by submission of the same via this Court's Electronic Case File System ("ECF") on May 5, 2020 and that notice of said electronic filing will automatically be transmitted by email to:

**David Brian Levin -** dlevin@toddflaw.com

**Steven Gene Perry -** sperry@toddflaw.com

                                                  By:    **/s/ Lorna K. Geiler**
                                                              Lorna K. Geiler, Bar#6192940
                                                               Attorney for the Defendant
                                                               Meyer Capel, A Professional Corporation
                                                               306 W. Church St.
                                                               Champaign, IL 61820
                                                               Phone: (217) 352-1800
                                                               Email: lgeiler@meyercapel.com



306 West Church Street
Champaign, IL 61820

Phone 217-352-1800
Fax 217-352-1083

www.meyercapel.com

LORNA K. GEILER
lgeiler@meyercapel.com

January 17, 2020

*Via Email*

David B. Levin
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, IL   60062

Re:   **Wolsic v. Parkland College**
      **Central District of Illinois Case No. 20-cv-2003**

Dear David,

As you know, I am representing Parkland College in this matter. Before I get too far into this, I would like to call your attention to some dates as it relates to the statute of limitations.

The Department of Justice sent the enclosed correspondence (which is Ms. Wolsic's Right to Sue Letter) to Ms. Wolsic and me on September 17, 2019. They sent it Certified Mail Return Receipt Requested. Also enclosed please find the front and back of the "green card" which is the Return Receipt I obtained from the Department of Justice. The front of that Return Receipt bears the date September 17, 2019 at the bottom. That is the date the letter was sent by the Department of Justice. Ms. Wolsic signed for that letter, but the signature itself is undated. This Return Receipt form is physically affixed to the correspondence by the sender with the signature section facing out. Once it has been signed by the recipient, the card itself is pulled from the envelope, stamped by the postal service to reflect the date of service and returned to the sender. The bottom half of the enclosed is the "backside" of that Return Receipt. As you can tell, it bears the South Suburban Postal Facility stamp confirming delivery on October 7, 2019. This is consistent with the USPS tracking information that is tied to this receipt, which is also enclosed, and reflects delivery to Ms. Wolsic at 2:32pm on October 7, 2019.

As you are aware, this is a 90 day Right to Sue. The 90 day count begins on October 8th; therefore, Ms. Wolsic technically would have been required to file her lawsuit on January 5, 2020. January 5, 2020 was a Sunday, so the rules would allow her to January 6, 2020. According to the file-stamped pleading, the Complaint was not filed until January 7, 2020. As a result, Ms. Wolsic is outside of the statute of limitations for the Right to Sue.

**EXHIBIT 1**

David Levin
January 17, 2020
Page 2

    Please advise as to whether or not you will voluntarily dismiss this Complaint or if I need to file a Motion with the Court. I look forward to hearing from you. If I do not hear from you by January 23rd, 2020, I will understand you are not going to voluntarily dismiss the Complaint and take appropriate action. Thanking you. I remain

                         Respectfully,

                         *Lorna K. Geiler*

                         Lorna K. Geiler

LKG:klm
Enclosures

**EXHIBIT 1**

| | |
|---|---|
| **From:** | Kirsten Moore |
| **To:** | David Levin |
| **Subject:** | Wolsic v. Parkland College |
| **Date:** | Friday, January 17, 2020 3:27:00 PM |
| **Attachments:** | 2020-01-17 David Levin ltr.pdf |
| | 2019-09-17 DOJ ltr.pdf |
| | Certified Mail Return Receipt - Wolsic.pdf |
| | USPS.com® - USPS Tracking® Results.pdf |

Dear Mr. Levin,

Attached please find correspondence from Attorney Lorna Geiler dated this date together with the enclosures referenced therein.



Kirsten Luyando Moore
Litigation Legal Assistant to Lorna K. Geiler,
Joseph D. Murphy and Dennis K. Muncy
306 W. Church Street
Champaign, IL 61820
Phone: (217) 352-0030
Fax: (217) 352-9294

This electronic message and the documents, items or messages transmitted herewith contain information from the law firm of Meyer Capel, A Professional Corporation, 306 West Church Street, Champaign, Illinois 61820, that may be confidential and/or privileged. The information is intended to be for the use of the person(s) named above. If you are not the intended recipient, you are advised that any disclosure, copying, distribution or other use of the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender by telephone at 217/352-1800 or by electronic mail. Thank you.

## **EXHIBIT 1**



**U.S. Department of Justice**

Civil Rights Division

ESD:KDW:KLF  
DJ 170-24-47

*Employment Litigation Section - PHB*  
*950 Pennsylvania Avenue, NW*  
*Washington, DC 20530*  
*www.usdoj.gov/crt/emp*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL 7016 2140 0000 5581 6213  
RETURN RECEIPT REQUESTED

SEP 17 2019

Ms. Cassandra L. Wolsic  
901 Silver Street  
Urbana, IL 60801

     Re: Cassandra L. Wolsic v. Parkland College  
       EEOC Charge No. 440-2015-05383

Dear Ms. Wolsic:

  It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

  <u>You are hereby notified that conciliation in these matters was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq.</u>, against the above-named respondents. If you choose to commence a civil action, such <u>suit must be filed in the appropriate court within 90 days of your receipt of this Notice.</u>

  Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 41 U.S.C. 2000e-5(f)(1).

  We have returned the files in this matter to EEOC's Chicago District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative files, please feel free to address your inquiry to: Julianne Bowman, Director, EEOC, JCK Federal Building, 230 S. Dearborn St., Ste. 1866, Chicago, IL 60604.

             Sincerely,

             Eric S. Dreiband  
             Assistant Attorney General  
             Civil Rights Division

     By:

             Karen D. Woodard  
             Principal Deputy Chief  
             Employment Litigation Section

cc: Parkland College  
   Lorna K. Geiler, Esquire Parkland College  
   EEOC, Chicago District Office

**<u>EXHIBIT 1</u>**



**EXHIBIT 1**

# USPS Tracking®

FAQs >

**Track Another Package +**

Remove X

**Tracking Number:** 70162140000055816213

Your item was delivered at 2:32 pm on October 7, 2019 in FRANKFORT, IL 60423.

## ✓ Delivered

October 7, 2019 at 2:32 pm
Delivered
FRANKFORT, IL 60423

Feedback

Tracking History ⌄

Product Information ⌄

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

FAQs

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| CASSANDRA WOLSIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   20-02003 |
| | ) | |
| BOARD OF TRUSTEES OF | ) | |
| COMMUNITY COLLEGE | ) | |
| DISTRICT NO. 505 (PARKLAND | ) | |
| COLLEGE) COUNTIES OF | ) | |
| CHAMPAIGN, COLES, DEWITT, | ) | |
| DOUGLAS, EDGAR, FORD, | ) | |
| IROQUOIS, LIVINGSTON, | ) | |
| MCLEAN, MOULTRIE, | ) | |
| PIATT, VERMILION AND STATE | ) | |
| OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

### DECLARATION OF LORNA K. GEILER

State of Illinois      )
                       ) ss
County of Champaign )

I, LORNA K. GEILER, declare:

1.     That I am counsel for the Defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE) COUNTIES OF CHAMPAIGN, COLES, DEWITT, DOUGLAS, EDGAR, FORD, IROQUOIS, LIVINGSTON, MCLEAN, MOULTRIE, PIATT, VERMILION AND STATE OF ILLINOIS ("Parkland College,") in the above captioned cause.

2.     That I have been required to respond to the pleadings filed and arguments presented by the Plaintiff in the above captioned cause.

3.     That my hourly rate for handling of this matter is $330.00.

**EXHIBIT 2**

4.  That the hourly rate for my paralegal, Joseph Hughes, is $115.00.

5.  That between the dates of January 7, 2020 and April 27, 2020, I have billed 8.9 hours to address this matter, or $2,937.00.

6.  That between the dates of January 7, 2020 and April 27, 2020, I billed 22.2 of Joseph Hughes' time to address this matter, at a reduced amount of $2,035.50.

7.  Counsel for Parkland College has been practicing law since 1986 and that the hourly rate and the amount of time charged on this matter are fair and reasonable.

8.  That Joseph Hughes has been a paralegal for Meyer Capel, A Professional Corporation since 1993 and that the hourly rate and the amount of time charged on this matter are fair and reasonable.

9.  The total amount of attorney's fees billed and anticipated costs and expenses total $4,972.50.

10. I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 5, 2020

_____
Lorna K. Geiler

**EXHIBIT 2**

2